IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREMAR JONES,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil No. 1:19-CV-0399** |
| v. : | |
| : | **Judge Sylvia H. Rambo** |
| **STATE CORRECTIONAL** : | |
| **INSTITUTE COAL TOWNSHIP,** *et* : | |
| *al.*, : | |
| : | |
| **Defendants.** : | |

# **M E M O R A N D U M**

Tremar Jones, an individual formerly housed at the Coal Township State Correctional Institution (SCI-Coal Township), in Coal Township, Pennsylvania, proceeds *pro se* in this action concerning events that transpired while housed at that facility.[1] Named as defendants are SCI-Coal Township, Jennifer Shaud, Sidiq Mansray, Superintendent McGinley and Corrections Officer (CO) Earb. (Doc. 1.) Mr. Jones alleges that prison officials failed to protect him from a foreseeable assault by Sidiq Mansray, an inmate.

---

[1] Mr. Jones is presently confined at SCI-Phoenix in Collegeville, Pennsylvania. (Doc. 1.)

As Mr. Jones seeks to proceed *in forma pauperis* in this matter (Docs. 7 and 13), the Complaint is before the Court for screening pursuant to 28 U.S.C. §§ 1915 and 1915A. For the following reasons, the Court will dismiss all claims against SCI-Coal Township, Jennifer Shaud, Sidiq Mansray and Superintendent McGinley pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. Jones' Eighth Amendment failure to protect claim shall proceed only against CO Earb unless Mr. Jones files an amended complaint.

**I.      Allegations of the Complaint**

On September 6, 2018, Mr. Jones resided on SCI-Coal Township's A-A unit and the institution was on lockdown status. (Doc. 1 at 5.) At approximately 7:45 a.m., CO Earb let inmate Sidiq Mansray out of his cell (*Id.*) Inmate Mansray "threw a bucket of boiling water containing vasoline (sic) inside of it" on Mr. Jones. (*Id.*) Mr. Jones suffered severe burns to his back, head, and neck. Mr. Jones was transported by helicopter to the Lehigh Valley Burn Unit where he was treated for second degree burns over 20% of his body. Mr. Jones believes "this was a foreseeable incident that staff at SCI-Coal Township could have avoided from happening" because inmate Mansray "was not supposed to be housed on the unit with program inmates." (*Id.*) Mr. Jones states institutional security cameras recorded the assault. (*Id.*)

## II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

The Court must screen Mr. Jones' Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court may dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) – (2); 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the Court must "take as true all factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but [ ] disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleading, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 580, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).  "Labels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965 (quoted case omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Additionally, in the context of *pro se* prisoner litigation, a district court must be mindful that a *pro se* document must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Fantone v. Latini*, 780 F.3d 184 (2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Yet, even a *pro se* plaintiff "must allege sufficient

4

facts in their complaint[ ] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  Where a prisoner's complaint is subject to dismissal, a plaintiff must be granted leave to file a curative amended complaint even when he does not seek leave to amend, unless amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

**III.  Discussion**

To state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Moreover, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Chavarria v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

**A.  SCI-Coal Township**

Only "persons" are subject to suit under Section 1983, and entities such as state prisons do not qualify as "persons". *Will v. Michigan Dept. of State Police*,

5

491 U.S. 58, 65, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (prison is not a "person" subject to suit under § 1983). Because SCI-Coal Township is not a "person" subject to suit under Section 1983, it will be dismissed from this action with prejudice.

### B. Inmate Sidiq Mansray

To the extent Mr. Jones seeks to set forth a claim against his fellow inmate, Sidiq Mansray, he sets forth no basis for a claim under Section 1983 which provides a remedy against persons acting under color of state law. Sidiq Mansray was an incarcerated individual at the time of the assault; he is not a state actor. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (fellow inmate who assaulted plaintiff did not act under color of state law and thus could not be liable under 42 U.S.C. § 1983). Nor do the facts set forth in Mr. Jones' Complaint suggest that Sidiq Mansray somehow acted on behalf of the state, or conspired with state actors, when he assaulted Plaintiff. *See Id.* Therefore, the Court will dismiss Mr. Jones' claim against inmate Sidiq Mansray with prejudice.

6

### C. Personal Involvement of Superintendent McGinley and Jennifer Shaud

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207); *Sutton v. Rasheed*, 323 F.3d 236, 249 – 50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207–08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201 – 02 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor"

7

do not suffice. *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202).

Here, Mr. Jones fails to make any specific averments with respect to Superintendent McGinley or Jennifer Shaud in the Complaint. Likewise, neither defendant is alleged to have participated in the decision to house Sidiq Mansray on the A-A housing unit or to release him from his cell the morning of September 6, 2018. Accordingly, the Court will dismiss all claims against Superintendent McGinley and Jennifer Shaud without prejudice and allow Mr. Jones to file an amended complaint alleging facts of their personal involvement, if possible, sufficient to state a claim of individual liability against them under § 1983.

### D. Leave to Amend

The Court will grant Mr. Jones twenty-one days to file an amended complaint alleging the personal involvement of each individual he seeks to name as a Defendant for their participation in the events of September 6, 2018. If Mr. Jones decides to file an amended complaint, he must clearly label it, on the face of the document, "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced)

8

in its entirety, on the court-approved form.² In addition, any amended complaint filed by Mr. Jones supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

Mr. Jones is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations in the amended complaint may not be conclusory. Instead, Plaintiff must plead facts to show how each defendant named is personally involved or responsible for an alleged harm. In other words, the allegations should be specific enough as to time and place and should identify what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676.

If Mr. Jones fails to file an amended complaint on the Court's form within twenty-one days, and in compliance with the Court's instructions, his failure to protect claim will proceed solely against CO Earb.

---

² In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

9

Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address.  *See* M.D. Pa. LR 83.18.  His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 25, 2019