IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREMAR JONES,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil No. 1:19-CV-0399** |
| v. : | |
| : | **Judge Sylvia H. Rambo** |
| **STATE CORRECTIONAL** : | |
| **INSTITUTE COAL TOWNSHIP,** *et* : | |
| *al.*, : | |
| : | |
| **Defendants.** : | |

## **MEMORANDUM**

## **I.    Introduction**

The *pro se* plaintiff, Tremar Jones, formerly an inmate at SCI-Coal Township, Pennsylvania, but now released, has filed a second motion for appointment of counsel. (Doc. 37.) In this civil-rights case, Mr. Jones alleges that prison officials failed to protect him from assault by another inmate. The Defendants are prison officials at SCI-Coal Township.

In support of his motion to an attorney, Mr. Jones alleges he knows little about the law, and does not have adequate resources an actual attorney would have. (*Id*.)

**II.    Discussion**

Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants.  *Tabron v. Grace*, 6 F.3d 147, 155 – 57 (3d Cir. 1993).  As a threshold matter the district court must determine whether plaintiff's case has some arguable merit.  *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Tabron*, 6 F.3d at 155).  If the complaint meets the threshold requirement, the court then "should consider a number of additional factors that bear on the need for appointed counsel."  *Id.* (citing *Tabron,* 6 f.3d at 155).  Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key."  *Tabron*, 6 F.3d at 155 – 57.  Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience … along with a plaintiff's ability to understand English … [and] the restraints placed upon a

prisoner plaintiff by confinement.'" *Nuñez v. Wetz*, No. 14-cv-0727, 2017 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (quoting *Montgomery v. Pinchak*, 294 F.3d at 501). A district court must apply these same factors when considering an indigent plaintiff's successive request for counsel. *Houser*, 927 F.3d at 698.

Upon consideration of the foregoing, the Court concludes that the *Tabron* factors do not warrant appointing counsel at this time. First, he presents the Court with no reason he cannot present his own case. He does say he has little knowledge of the law, but that is true of every lay litigant, and his filings to date indicate his ability to communicate in English and his understanding of the limited legal issues involved. Moreover, this Court liberally construes all *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Additionally, although he states he does not have access to resources accessible to attorneys, he does not suggest what those resources are or why he lacks access to them and how it impacts his ability to represent himself. Furthermore, when Mr. Jones filed his request for counsel, he was in jail. Since then, Mr. Jones has been released from confinement. (Doc. 38.) Now released, Mr. Jones has the obligation, and the opportunity, to attempt to retain counsel on his own behalf. Consequently, the Court cannot say, at this point, Mr. Jones will suffer substantial prejudice if forced to prosecute this action on his own.

Mr. Jones' second motion for counsel (Doc. 37) will be denied. An appropriate Order will follow.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: June 1, 2020